**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-979-L** |
| | § | |
| **RACHEL N. THOMAS*** **a/k/a** | § | |
| **RACHEL N. WALKER,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States of America's Motion for Summary Judgment, filed November 17, 2011. Defendant Rachel N. Thomas a/k/a Rachel N. Walker ("Thomas" or "Defendant") did not file a response to Plaintiff's motion. After careful consideration of the motion, summary judgment evidence, and applicable law, the court, for the reasons stated herein, **grants** United States of America's Motion for Summary Judgment.

## I. Factual and Procedural Background

Thomas participated in a nursing training program known as Senior Commissioned Officer Student Training and Extern Program ("Senior COSTEP" or "program") at Midwestern State University; she signed a training agreement ("Agreement") on September 2, 2004. In the Agreement, Thomas voluntarily agreed to serve on active-duty with the Public Health Service ("PHS") Commissioned Corps for a period of twice the length of the training period. The Agreement stated that if Thomas failed to complete an active-duty obligation (beginning

*The parties signing the contract relevant to this action are the United States and Rachel N. Thomas. Whatever the reason for the name change, Rachel N. Thomas is one and the same person as Rachel N. Walker. The ruling by the court is therefore equally enforceable against Rachel N. Thomas as it is against Rachel N. Walker.

immediately after Thomas ceased participating in the program) with the PHS Commissioned Corps, Thomas would be obligated to pay the Department of Health and Human Services twice the total amount of the following: (1) "any compensation paid or obligated in connection with the training, including but not limited to pay, allowances, special pays, travel, transportation, and shipment of household goods;" (2) "and, if applicable, tuition, fees, and other training expenses." Pl.'s App. Tab 1. Thomas received 219 days of Senior COSTEP training from October 8 through May 14, 2005; she incurred an active-duty obligation with the PHS Commissioned Force for 438 days, which is twice the length of her training period. Pl.'s App. Tab 2, Ex. A. Thomas's active-duty obligation was to begin immediately upon cessation of her participation in Senior COSTEP, and her service obligation was to continue through July 26, 2006. Due to Thomas's early separation and failure to complete her active-duty service obligation, she was placed in default and notified by letter dated August 12, 2005, that she was in default of the Agreement. The letter further informed Thomas that she owed the United States the principal sum of $45,928.62, twice the salary she received for received for her participation in the program, as of May 14, 2005. Thomas made payments totaling $14,340 from December 12, 2005, to January 16, 2010; these payments have been credited to her account. As of November 3, 2011, United States contends Defendant owed it $45,928.62 in damages and $21,355.98 in interest. *Id.*

On May 10, 2011, Plaintiff filed this action against Defendant for breach of contract. In the Complaint, Plaintiff requested judgment against Defendant in the amount of $62,664.05 with interest accruing after January 1, 2011, at $15.10 per day to the date of the judgment and thereafter at the postjudgment rate. Defendant filed its Answer to Plaintiff's Complaint on July 11, 2011. On November 17, 2011, Plaintiff moved for summary judgment on the grounds that Defendant breached

the contract. In support of its motion, Plaintiff submitted the following: Application for Training for PHS Commissioned Personnel, the Agreement, and Declaration of Barry M. Blum with Exhibits A-C.

Resolution of this issue will dispose of all issues and parties in this case. As previously noted, Defendant did not file a response to Plaintiff's Motion for Summary Judgment.

**II. Standard for Summary Judgment**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (U.S. 1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary

judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Thomas filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id*. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Defendant's pleadings are not verified and, therefore, Defendant has presented no summary judgment evidence.

## III. Analysis

According to Texas law, the elements of a breach of contract claim are: "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach." *Lewis v. Bank of Am. NA*, 343 F.3d 540, 544-45 (5th Cir. 2003) (citing *Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345, 353 (Tex. App.—Corpus Christi 2002, pet. denied)).

### A. Existence of a Valid Contract

Thomas executed the agreement with PHS on September 2, 2004. Thomas has not come forward with any summary judgment evidence disputing the validity of the Agreement between the United States and Thomas. Additionally, Thomas made payments towards her debt from 2005 to 2010; Defendant acknowledged the debt to the United States in the Joint Status Report filed in this case on August 10, 2011. Joint Status Report 2, ¶ 2. ("Walker [a/k/a Thomas] does not have [the debt as of August 10, 2011 in the amount of] $62,664.05, but acknowledges the debt."). As Defendant has come forward with no facts to dispute the training provided to her by the United States, the court accepts Plaintiff's facts as undisputed. The court, therefore, concludes that there is no genuine dispute of material fact as to the existence of a valid contract.

### B. Performance by Plaintiff

The United States provided training and compensation to Thomas pursuant to the Agreement. Specifically, Thomas received 219 days of training from October 8, 2004, through May 14, 2005. Pl.'s App. Tab 2, Ex. A. Defendant has not come forward with any summary judgment evidence disputing the United States's performance under the contract. The court, therefore, concludes that there is no genuine dispute of material fact regarding performance by Plaintiff.

### C. Breach of the Contract by Defendant

Thomas separated from service on May 14, 2005, and failed to complete her active-duty service obligation, which ended on July 26, 2006. Pl.'s Mot. for Summ. J. 4, ¶ 4; *see* Pl.'s App. Tab 2, Ex. A. Due to her failure to complete her service obligation, Thomas was placed in default and notified of this by letter dated August 12, 2005. Defendant has not come forward with any summary judgment evidence disputing her failure to perform under the contract. The court, therefore, concludes that there is no genuine dispute of material fact regarding a breach of contract by Defendant.

### D. Damages to Plaintiff Resulting From the Breach

As of May 14, 2005, Thomas owed the United States $45,928.62, which is twice the salary she received for her participation in the program, because of her default. Thomas made payments to the United States in the total amount of $14,340 between December 12, 2005, and January 26, 2010. The court, however, is unable to determine the total amount of prejudgment interest because certain information is not before it. Plaintiff contends that is entitled to prejudgment interest from Defendant at a rate of 12% computed at a fixed rate of $15.10 per day. Plaintiff has shown it is entitled to damages in the amount of **$31,588.62** ($45,928.62 principal less $14,340 Defendant's payments to the United States). Plaintiff has not provided the court with the basis of the contention that it is entitled to prejudgment interest at a rate of 12% from the date of the breach until the date of the judgment. The court accessed the Division of Commissioned Personnel's Website ("Website"), but it was not able to access the Commissioned Corps Personnel Manual ("Manual") on the Website; the Manual appears to be no longer available on the Website. It is incumbent on the United States to ensure the court has before it all necessary authority and documentation that

support the relief requested by the United States. The documentation should have been included in the United States's Appendix. Moreover, there is no language in the Agreement or Appendix that incorporates the applicable prejudgment interest rate. The court has nothing before it that indicates Defendant was aware that she would be required to pay prejudgment interest rate at 12%. Accordingly, Plaintiff shall submit authority and documentation that supports the prejudgment interest rate that it has requested. Plaintiff shall provide the documentation and authority to the court no later than **February 10, 2012**. Defendant may file a response no later than **February 24, 2012**. The United States shall compute prejudgment interest at the appropriate rate through **February 29, 2012**. The court will not issue a final judgment until it receives the documentation and authority from Plaintiff and Defendant has had the opportunity to respond. As the breach of contract claim has been decided on the merits and there is nothing further for the court to do except issue a final judgment, it will direct the clerk of court to close this case.

## IV. Conclusion

For the reason herein stated, the court determines that no genuine dispute of material fact exist regarding as to whether Thomas breached the Agreement. Plaintiff is therefore entitled to judgment as a matter of law, and the court **grants** the United States of America's Motion for Summary Judgment. The court **directs** the clerk of the court to close this case. The court will issue judgment against Defendant by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure once it has the requested authority and documentation.

**It is so ordered** this 31st day of January, 2012.

Sam A. Lindsay
United States District Judge